THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
tdillard@ocgas.com

Attorney for CLARK COUNTY
and CLARK COUNTY BOARD
OF COMMISSIONERS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * *

SPENCER GIFTS LLC, a Delaware limited liability company;

    Plaintiff,

vs.

COUNTY OF CLARK; CLARK COUNTY BOARD OF COMMISSIONERS,

    Defendants.

CASE NO. 2:18-cv-0349-GMN-CWH

## DEFENDANT CLARK COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT
### (JURY DEMAND)

COME NOW, Defendant, CLARK COUNTY, by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI and hereby submits its Answer to Plaintiff's Complaint as follows:

I.

**PARTIES, JURISDICTION, AND VENUE**

1. Answering Paragraphs 1 and 2 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

2. Answering Paragraphs 3, 4 and 7 of Plaintiff's Complaint, this answering Defendant admits the allegations.

///

3. Paragraphs 5 and 6 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant admits the allegations.

## II.
## GENERAL ALLEGATIONS

**A.   Spencer's History and Operation in Southern Nevada**

4. Answering Paragraphs 8, 9 and 11 through 18 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

5. Answering Paragraph 10 of Plaintiff's Complaint, this answering Defendant admits the allegations.

**B.   Zoning Code at Issue**

6. Paragraph 19 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer.

**C.   Defendants' Enforcement Action**

7. Answering Paragraphs 20 through 26, 28 through 41, 43, 44, 47, 51 and 52 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

8. Answering Paragraphs 27 and 42 of Plaintiff's Complaint, this answering Defendant admits the allegations.

9. Paragraphs 45 and 46 are legal conclusions rather than allegations of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

10. Answering Paragraphs 48, 49, 50 and 53 of Plaintiff's Complaint, these answering Defendants deny each and every allegation contained therein.

///

///

## III.

## FIRST CLAIM FOR RELIEF

### (Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution)

11. Answering Paragraph 54 of Plaintiff's Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 53.

12. Paragraph 55 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer.

13. Answering Paragraphs 56, 57, 58 and 60 through 67 of Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

14. Answering Paragraph 59 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

## III.

## SECOND CLAIM FOR RELIEF

### (Violation of the First Amendment the U.S. Constitution)

15. Answering Paragraph 68 of Plaintiff's Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 67.

16. Answering Paragraphs 69, 70, 72 and 73 of Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

17. Answering Paragraph 71 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

///
///
///

## IV.

## THIRD CLAIM FOR RELIEF

### (Violation of the Contracts Clause and the Fourteenth Amendment of the U.S. Constitution)

18. Answering Paragraph 74 of Plaintiff's Complaint, Defendant repeats, realleges and incorporates herein by reference, as though fully set forth, its answers to paragraphs 1 through 73.

19. Paragraph 75 is a legal conclusion rather than an allegation of fact and therefore Defendant is not required to answer. To the extent an answer is required, this Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

20. Answering Paragraphs 76 through 80 of Plaintiff's Complaint, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and for that reason, must deny them.

## PRAYER FOR RELIEF

21. Answering the ad damnum paragraphs in the Prayer for Relief section of Plaintiff's Complaint, this answering Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a plausible claim against this answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The acts complained of in the Complaint are discretionary functions for which statutory immunity attaches pursuant to N.R.S. 41.032.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has alleged no facts giving rise to a deprivation of a protected property or liberty interest.

**FOURTH AFFIRMATIVE DEFENSE**

There is no due process violation for the alleged random, unauthorized acts as Plaintiff has adequate post-deprivation remedies.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff does not have standing to assert a private cause of action directly under the U.S. Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has a plain, speedy and adequate remedy at law for all claims for relief.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant did not enact any policy, statute, ordinance or custom which denied Plaintiff its constitutional rights.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's causes of actions against this answering Defendant sound in negligence, no recovery can be had predicated upon 42 U.S.C. § 1983.

**NINTH AFFIRMATIVE DEFENSE**

The alleged acts made against this answering Defendant were not the proximate cause of Plaintiff's alleged constitutional injury or alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

That any damage suffered by Plaintiff was a direct and proximate result of its own misconduct and actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant Clark County was not deliberately indifferent to Plaintiff's rights, property interests and/or liberty interests.

**TWELFTH AFFIRMATIVE DEFENSE**

Any damages which Plaintiff has alleged in the instant matter are speculative in nature and, therefore, are not recoverable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

This Defendant is not subject to suit upon the facts and conclusions as stated in Plaintiff's

Law Offices of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, A Professional Corporation, 9950 West Cheyenne Avenue, Las Vegas, Nevada 89129, (702) 384-4012 Telecopier (702) 383-0701

Complaint by reason of sovereign immunity of Clark County as a political subdivision of the State of Nevada.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was not denied a liberty interest under the Fourteenth Amendment to engage in a particular vocation or trade.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff, as a corporation, does not have standing to assert personal federal rights involving individual autonomy protected by the Due Process Clause of the Fourteenth Amendment.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was given fair notice, an opportunity to be heard and all other process that was due under the Procedural Due Process of the Fourteenth Amendment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant Clark County did not discriminate against Plaintiff due to membership in any identifiable class or group.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's state law causes of action are barred by the Governmental Immunity Statutes of NRS Chapter 41.

### NINETEENTH AFFIRMATIVE DEFENSE

NRS Chapter 41 limits the damages that may be collectible against a political subdivision of the State of Nevada to a compensatory damage cap.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

### TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant Clark County is immune from punitive damages arising from the State law claims pursuant to N.R.S. 41.035.

///

### TWENTY SECOND AFFIRMATIVE DEFENSE

There can be no recovery for punitive damages against any governmental body or against any government official, acting in his or her official capacity, pursuant to 42 U.S.C. § 1983.

### TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### TWENTY FOURTH AFFIRMATIVE DEFENSE

At all relevant times mentioned in Plaintiff's Complaint, this answering Defendant was acting in the good faith belief their actions were legally justified.

### TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendant engaged in no conduct shocking to the conscience to be held liable for a substantive due process violation.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not deprived of any right protected by the First Amendment.

### TWENTY SEVENTH AFFIRMATIVE DEFENSE

Clark County did not engage in any conduct or make any decision that is arbitrary or capricious.

### TWENTY EIGHTH AFFIRMATIVE DEFENSE

Clark County made rational decisions in light of any objectively reasonable and conceivable state of facts.

### TWENTY NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert a private cause of action for an alleged violation of the Nevada Revised Statutes.

### THIRTIETH AFFIRMATIVE DEFENSE

The Board of County Commissioners of Clark County is not a sueable entity.

### THIRTY FIRST AFFIRMATIVE DEFENSE

Plaintiff has not alleged facts in its Complaint which presents a basis for Declaratory or Injunctive Relief and any such relief is now moot at the present time.

///

### THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiff's suit fails to state a viable claim for relief as it has failed to allege a violation of a right, privilege or immunity secured by the United States Constitution or by the laws of the State of Nevada.

### THIRTY THIRD AFFIRMATIVE DEFENSE

Plaintiff has adequate remedies at law and therefore are not entitled to the requested injunction or mandamus relief.

### THIRTY FOURTH AFFIRMATIVE DEFENSE

That if Defendant Clark County negligently injured the Plaintiff, as alleged in the Complaint on file herein, Plaintiff was guilty of contributory negligence, and any damage Plaintiff has suffered is due to its actions, as the sole or contributing cause of the alleged injuries to which Plaintiff complains.

### THIRTY FIFTH AFFIRMATIVE DEFENSE

The decisions of the Clark County Board of Commissioners are strongly presumed to be in good faith, reasonable and done in the public interest.

### THIRTY SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not been denied the right to seek adjudication through the courts as to a contractual relationship.

### THIRTY SEVENTH AFFIRMATIVE DEFENSE

The subject Ordinance is not vague in all of its applications.

### THIRTY EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages are speculation and not recoverable.

### THIRTY NINTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 11, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, this answering Defendant reserves the right to amend its Answer to the Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff take nothing by reason of its Complaint on file herein;
2. For reasonable attorney's fees;
3. For costs of suit incurred and to be incurred herein; and
4. For such other and further relief as the Court may deem just and proper in the premises.

Demand is hereby made by Defendant for a trial by jury in the above-entitled action.

DATED this 19 day of March, 2018.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By _____
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for CLARK COUNTY and CLARK COUNTY
BOARD OF COMMISSIONERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___19___ day of March, 2018, I served the above **DEFENDANT CLARK COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT (JURY DEMAND)** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Robert S. Larsen, Esq.
Brian K. Walters, Esq.
Wing Yan Wong, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Ste. 1550
Las Vegas, Nevada 89101
P: 702-577-9300
F: 702-255-2858
rlarsen@grsm.com
bwalters@grsm.com
wwong@grsm.com
Attorneys for Plaintiff

_____
An Employee of Olson Cannon Gormley
Angulo & Stoberski