THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
OLSON, CANNON, GORMLEY
ANGULO & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Phone: 702-384-4012
Fax:    702-383-0701
tdillard@ocgas.com

Attorney for CLARK COUNTY
and the CLARK COUNTY BOARD
OF COMMISSIONERS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \*

SPENCER GIFTS LLC, a Delaware limited liability company;

    Plaintiff,

COUNTY OF CLARK; CLARK COUNTY BOARD OF COMMISSIONERS,

    Defendants.

CASE NO. 2:18-cv-0349-GMN-CWH

## DEFENDANT CLARK COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS

COMES NOW, CLARK COUNTY BOARD OF COMMISSIONERS ("BCC"), by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm of OLSON, CANNON, GORMLEY, ANGULO & STOBERSKI, and hereby moves to dismiss all causes of action pursuant to Federal Rule of Civil Procedure 12 (b)(6) against the BCC because it is not a suable entity under Nevada law.

This Motion is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This suit arises out of Clark County's enforcement of the code with regard to the sale of adult use items in a store not licensed and zoned as a sex novelty shop. Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Clark County as well as the Clark County Board of Commissioners, commonly referred to as the Board of County Commissioners ("BCC"). The BCC however is not an entity that can be sued under Nevada law. Plaintiff has already named the correct entity for these claims. The BCC should therefore be dismissed with prejudice from this suit.

### II.   STANDARD OF REVIEW FOR A MOTION TO DISMISS

The U.S. Supreme Court case of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) renders plain the minimum pleading requirements necessary to pass Rule 12 scrutiny for failure to state a claim. In Twombly, the Court rejected the "oft quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 45-46, 78 S.Ct. 99. The Court discarded the "no set of facts" language in favor of the requirement that the plaintiff plead enough facts "to state a claim of relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. The Court revised the standard and held that a complaint should be dismissed if the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face" or does not "raise a right to relief above the speculative level." Id. at 1965, 1974. "A plaintiff is obligated to provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. at 1964-65.

The Court in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) indicated the Twombly decision "expounded the pleading standard for 'all civil action' . . . ." Id. at 1953. In Iqbal, the Court also laid out the following methodological approach for assessing the adequacy of a plaintiff's complaint:

///

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. The well pled facts must go beyond the "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with" a defendant's liability. Id. Thus, in analyzing Plaintiffs' Complaint, this Court need not assume the truth of Plaintiffs' legal conclusions merely because they are cast in the form of factual allegations. Ritzer v. Gerovicap Pharmaceutical Corp., 162 F.R.D. 642, 645 (D. Nev. 1995)(citing Western Mining Counsel v. Watt, 643 F.2d 618, 624 (9th. Cir. 1981), cert. denied, 454 U.S. (1981)).

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir.2007). A court may, however, take judicial notice of facts that are not subject to reasonable dispute. Fed.R.Evid. 201. Such facts include matters of public record. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986). A court may take judicial notice of complaints and briefs filed in another case to determine what issues were before that court and were actually litigated. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

### III. LEGAL ARGUMENT

Plaintiff has named both the County of Clark and the Clark County Board of Commissioners as Defendants. Pursuant to Fed.R.Civ.P. 17(b), a party to an action must have the capacity to sue or be sued. For a governmental entity, that capacity is determined "by the law of the state where the court is located[.]" Id.; see also Streit v. County of Los Angeles, 236 F.3d 552, 565 (9th Cir. 2001); Shaw v. State of California Dept. of Alcoholic Beverage Control, 788 F.2d 600, 604 (9th Cir. 1986). In Nevada, political subdivisions may be sued; departments of political subdivisions may not. NRS 41.031(2); Wayment v. Holmes, 112 Nev. 232, 238, 912

P.2d 816, 819 (1996); see also Clark K. v. Guinn, No. 2:06-CV-1068, 2007 U.S. Dist. LEXIS 35232, 2007 WL 1435428, at *7 (D. Nev., May 14, 2007).[1]

Clark County is a political subdivision of the State of Nevada. NRS 239C.070; 280.080; 281A.145. Political subdivisions also include:

> [A]n organization that was officially designated as a community action agency pursuant to 42 U.S.C. § 2790 before that section was repealed and is included in the definition of an "eligible entity" pursuant to 42 U.S.C. § 9902, the Nevada Rural Housing Authority, an airport authority created by special act of the Legislature, a regional transportation commission and a fire protection district, an irrigation district, a school district, the Achievement School District, the governing body of a charter school, any other special district that performs a governmental function, even though it does not exercise general governmental powers, and the governing body of a university school for profoundly gifted pupils.

NRS 41.0305. Of the types of governmental entities listed as political subdivisions, a board of county commissioners is not among them. Id.; see also Wayment, 112 Nev. At 238, 912 P.2d at 819 (mayors' offices, or analogical entities, were not included in the list of political subdivisions, thus they are *departments* of political subdivisions and not entities capable of being sued). Therefore, the Court should dismiss the Board of County Commissioners since it is a department of a political subdivision and not an entity capable of being sued under Nevada law.

///

///

///

///

///

///

///

///

---

[1] Superfluous or redundant defendants are also properly dismissed. See Brown v. Neumann, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999); Roberts v. Dillon, 115 F.3d 113, 115 (8th Cir. 1994).

## IV. CONCLUSION

BASED ON THE FOREGOING, Plaintiff failed to state a valid claim for relief against the BCC because it is not a suable entity as a matter of law. The BCC should therefore be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 19 day of March, 2018.

OLSON, CANNON, GORMLEY,
ANGULO & STOBERSKI

By /s/ T. D. Dillard
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for CLARK COUNTY
and the CLARK COUNTY BOARD
OF COMMISSIONERS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___19___ day of March, 2018, I served the above **DEFENDANT CLARK COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS** through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class, postage pre-paid), upon the following:

Robert S. Larsen, Esq.
Brian K. Walters, Esq.
Wing Yan Wong, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Ste. 1550
Las Vegas, Nevada 89101
P: 702-577-9300
F: 702-255-2858
rlarsen@grsm.com
bwalters@grsm.com
wwong@grsm.com
Attorneys for Plaintiff

_____
An Employee of Olson, Cannon, Gormley, Angulo & Stoberski