ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
BRIAN K. WALTERS, ESQ.
Nevada Bar No. 9711
WING YAN WONG, ESQ.
Nevada Bar No. 13622
**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, Nevada  89101
Telephone:  (702) 577-9300
Direct:  (702) 577-9301
Facsimile:  (702) 255-2858
E-Mail: rlarsen@grsm.com
         bwalters@grsm.com
         wwong@grsm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SPENCER GIFTS LLC, a Delaware limited liability company; <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF CLARK; CLARK COUNTY BOARD OF COMMISSIONERS, <br><br> Defendants. | Case No.: 2:18-cv-0349-GMN-CWH <br><br> **PLAINTIFF SPENCER GIFTS LLC'S OPPOSITION TO CLARK COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS [ECF NO. 11]** |

Plaintiff SPENCER GIFTS LLC, by and through its counsel Robert S. Larsen, Esq. and Brian K. Walters, Esq. and Wing Yan Wong, Esq., of the law firm of GORDON REES SCULLY MANSUKHANI, LLP submit the instant Opposition to Defendant CLARK COUNTY BOARD OF COMMISSIONERS Motion to Dismiss [ECF No. 11].

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    This Opposition is based on the pleadings and papers on file herein and any oral

2 argument that the Court chooses to consider should a hearing be set on this matter.

3 Dated:  April 2, 2018

**GORDON REES SCULLY
MANSUKHANI, LLP**

By: */s/ Brian K. Walters*
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Brian K. Walters, Esq.
Nevada Bar No. 9711
Wing Yan Wong, Esq.
Nevada Bar No. 13622
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
***Attorneys for Plaintiff***

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV  89101

-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Clark County Board of Commissioners' ("BCC") Motion to Dismiss [ECF No. 11] should be denied because BCC is a political subdivision of the State of Nevada and therefore capable of being sued under Nevada law.

## II. ARGUMENT

### A. Legal Standard

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

### B. BCC Is A Political Subdivision Of The State Of Nevada And Therefore Capable of Being Sued.

This Court should deny BCC's Motion to Dismiss because BCC is a political subdivision of the state of Nevada and therefore capable of being sued. In its Opposition [ECF No. 11], BCC argued that, because boards of county commissioners are not specifically enumerated as "political subdivisions" in NRS 41.035, BCC cannot be classified as such. [ECF No. 11, pg. 4]. However, BCC's argument in this regard constitutes an overly simplistic interpretation of NRS 41.035.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

NRS 41.0305 provides:

> As used in NRS 41.0305 to 41.039, inclusive, the term "political subdivision" ***includes an organization that was officially designated as a community action agency pursuant to 42 U.S.C. § 2790 before that section was repealed and is included in the definition of an "eligible entity" pursuant to 42 U.S.C. § 9902***, the Nevada Rural Housing Authority, an airport authority created by special act of the Legislature, a regional transportation commission and a fire protection district, an irrigation district, a school district, the Achievement School District, the governing body of a charter school, any other special district that performs a governmental function, even though it does not exercise general governmental powers, and the governing body of a university school for profoundly gifted pupils.

(Emphasis added).

Nevada defines a political subdivision as a "community action agency" as defined in the now-repealed 42 U.S.C. § 2790. *Ward v. Nevada*, No. 3:09-CV-00007-RCJ-VPC, 2010 U.S. Dist. LEXIS 44149, at *10 (D. Nev. Feb. 26, 2010) *citing Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1164 (D. Nev. 1998).  42 U.S.C. § 2790, in turn, defined a community action agency as one "with the power to enter into contracts, to receive and administer funds, and to delegate powers to other agencies." *Id. citing* Economic Opportunity Amendments of 1967, Secs. 210(a)(1) & 212(a), 81 Stat. 691-94 (1967).

BCC meets the criteria to be considered a "community action agency" and therefore, a political subdivision of the State of Nevada that is capable of being sued.

    1.    <u>BCC has the power to enter into contracts</u>.

Nevada law specifically provides that a board of county commissioners "… may enter into any agreement, contract, lease, franchise, exchange of property or other transaction…" NRS 244.320.  BCC clearly has the power to enter into contracts.

    2.    <u>BCC has the power to receive and administer funds</u>.

Chapter 244 of the Nevada Revised Statutes contain numerous provisions granting boards of county commissioners the power to receive and administer funds.  For example, NRS 244.150 provides that "…boards of county commissioners shall have power and jurisdiction in their respective counties to levy, for the purposes prescribed by law, such amount of taxes on the

assessed value of real and personal property in the county as may be authorized by law."). NRS 244.1505 provides that "A board of county commissioners may expend money for any purpose which will provide a substantial benefit to the inhabitants of the county." "Boards of county commissioners in their respective counties may establish by ordinance central receiving and disbursing systems for the handling of county money and money held in trust by the county or by any of its elected or appointed officers." NRS 244.207. There can be no reasonable dispute as to whether BCC has the power to receive and administer funds under Nevada law.

### 3. BCC has the power to delegate powers to other agencies.

Chapter 244 of the Nevada Revised Statutes contain numerous provisions permitting boards of county commissioners to delegate powers to other agencies. For example, "[t]he board of county commissioners may delegate its authority to administer a program of financial assistance established pursuant to this section to a flood management authority." NRS 244.3653(4). Nevada law also permits boards of county commissioners to delegate certain duties to County Park and Recreation Commissions. NRS 244.30792 ("To perform such additional duties for park, recreational and cultural programs *as may be delegated by the board*.") (Emphasis added). The board of county commissioners may also delegate the authority to enforce liens from taxes levied for the purposes of NRS 244A.597 to 244A.655, inclusive, to the county fair and recreation board. NRS 244.335(8). BCC is clearly allowed to delegate powers to other agencies under Nevada law.

BCC acknowledged that political subdivisions can be sued. [ECF No. 11, pgs. 3-4]. BCC is a political subdivision of the state of Nevada. It cannot be reasonably disputed that BCC possesses the power to enter into contracts, to receive and administer funds, and to delegate powers to other agencies under Nevada law. *See Ward*, No. 3:09-CV-00007-RCJ-VPC, 2010 U.S. Dist. LEXIS 44149, at *10 (D. Nev. Feb. 26, 2010) *citing Schneider v. Elko Cty. Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1164 (D. Nev. 1998). Therefore, this Court should find that BCC is a political subdivision of the State of Nevada and capable of being sued. *See* NRS 12.105.

/ / /

/ / /

### B. BCC Cannot Establish That It Is a "Department" Of A Political Subdivision As a Matter Of Law.

BCC's Motion to Dismiss is entirely predicated on the argument that it is a "department" of a political subdivision. However, BCC provided no authority to support the specific proposition that a board of county commissioners is a department of a political subdivision under Nevada law. There is no case law in Nevada to support this proposition. Therefore, BCC's argument that it is a department of a political subdivision and therefore incapable of being sued must be rejected and BCC's Motion [ECF No. 11] must be denied.

## III. CONCLUSION

Based on the foregoing, Plaintiff SPENCER GIFTS LLC respectfully requests an Order from this Court DENYING BCC's Motion to Dismiss [ECF No. 11].

Dated: April 2, 2018

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Brian K. Walters*
Robert S. Larsen, Esq.
Nevada Bar No. 7785
Brian K. Walters, Esq.
Nevada Bar No. 9711
Wing Yan Wong, Esq.
Nevada Bar No. 13622
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101
***Attorneys for Plaintiff***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of April 2018, and pursuant to Fed. R. Civ. Pro 5, I served via CM/ECF a copy of the foregoing **PLAINTIFF SPENCER GIFTS LLC'S OPPOSITION TO CLARK COUNTY BOARD OF COMMISSIONERS' MOTION TO DISMISS [ECF NO. 11]** upon those person designated by the parties on the E-Service Master List:

Thomas D. Dillard, Jr., Esq.
Nevada Bar No. 006270
**OLSON, CANNON, GORMLEY**
**ANGULO & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
P: 702-384-4012
F: 702-383-0701
tdillard@ocgas.com
*Attorney for CLARK COUNTY*
*And the CLARK COUNTY BOARD*
*OF COMMISSIONERS*

                                        */s/ Chelsey Holland*
An Employee of GORDON REES SCULLY MANSUKHANI, LLP

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1152184/37417559v.1